UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIS RANDOLPH,<br><br>        Plaintiff,<br><br>    v.<br><br>STATE OF CALIFORNIA; JIM OBBLIGER; KATHERINE HART; BOB JOHANSEN; and PETE CHAVEZ,<br><br>        Defendants. | **Case No. 1:16-cv-00593-AWI-EPG**<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S COMPLAINT**<br><br>OBJECTIONS DUE WITHIN THIRTY (30) DAYS<br><br>(ECF No. 1) |

### I. INTRODUCTION

Plaintiff Willis Randolph ("Plaintiff"), appearing *pro se*, filed a Complaint on April 27, 2016. (ECF No. 1.) The Complaint alleges violations of 42 U.S.C. § 1983 against the State of California, Jim Obbliger, Katherine Hart, Bob Johansen, and Pete Chavez (collectively, the "Defendants"). *Id*. Plaintiff alleges that the Defendants engaged in conduct in 1987 that lead to his conviction for murder, despite his asserted innocence. The Court has screened the Complaint and makes its recommendations herein, namely, that Plaintiff's Complaint be dismissed without leave to amend.

### II. LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2), the Court must conduct a review of a *pro se* complaint to

1

1 determine whether it "state[s] a claim on which relief may be granted," is "frivolous or
2 malicious," or "seek[s] monetary relief against a defendant who is immune from such relief." If
3 the Court determines that the complaint fails to state a claim, it must be dismissed. *Id.* Leave to
4 amend may be granted to the extent that the deficiencies of the complaint can be cured by
5 amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

6   A complaint must contain "a short and plain statement of the claim showing that the
7 pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not
8 required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
9 conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell
10 Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set
11 forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"
12 *Ashcroft v. Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 555). While factual allegations
13 are accepted as true, legal conclusions are not. *Id.* at 678.

14   In determining whether a complaint states an actionable claim, the Court must accept the
15 allegations in the complaint as true, *Hospital Bldg. Co. v. Trs. of Rex Hospital*, 425 U.S. 738, 740
16 (1976), construe *pro se* pleadings liberally in the light most favorable to the Plaintiff, *Resnick v.
17 Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor. *Jenkins
18 v. McKeithen*, 395 U.S. 411, 421 (1969). Pleadings of *pro se* plaintiffs "must be held to less
19 stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342
20 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after
21 *Iqbal*).

22 **III. PLAINTIFF'S ALLEGATIONS**

23   The Complaint alleges that in 1987, Defendant Obbliger, then a deputy district attorney,
24 visited Plaintiff at San Quentin State Prison. Obbliger was accompanied by Defendants Chavez
25 and Johansen, both of whom were deputy sheriffs at the time. The Defendants informed Plaintiff
26 that they had obtained the cooperation of a jailhouse informant who would place Plaintiff at the
27 scene of a crime. They further informed him that they would seek an all-white jury and that
28 Plaintiff would be placed in in prison "for a long time." (Complaint at 3, ECF No. 1.) Defendant

Katherine Hart represented Plaintiff in his criminal proceedings (it is unclear from the Complaint whether Hart was Plaintiff's attorney during his initial trial, on the appeal of his eventual conviction, or both). Plaintiff asks for an evidentiary hearing and for the reversal of his conviction because of his allegedly wrongful conviction in his 1989 trial, which he asserts constitutes a violation of his constitutional civil rights.

This is not Plaintiff's first complaint to make these allegations. In *Randolph v. Rainwater*, Case No. 1:13-cv-00016-AWI-JLT, Plaintiff sued Defendants Obbliger and Hart, as well as Robert Rainwater, who represented Plaintiff at some point, alleging that Obbliger withheld exculpatory evidence, Hart failed to raise appropriate issues on appeal, and Rainwater provided ineffective assistance of counsel. The Complaint was dismissed without leave to amend on February 20, 2013. Similarly, Plaintiff has filed at least three separate habeas petitions before the U.S. District Court making similar allegations, the most recent of which was filed on the same date this Complaint was filed. *See Randolph v. State of California*, Case No. 1:16-cv-00592-AWI-JLT; *Randolph v. Swarthout*, Case No. 1:13-cv-00543-SAB; *Randolph v. People of California*, Case No. 1:93-cv-05604-LJO.

## IV.     DISCUSSION

Plaintiff's claim constitutes a challenge to the fact or duration of his confinement. As a result, his sole federal remedy is a writ of habeas corpus and a lawsuit under 42 U.S.C. § 1983 is inappropriate. *Preiser v. Rodriguez*, 411 U.S. 475, 479 (1973) ("Release from penal custody is not an available remedy under the Civil Rights Act"); *Young v. Kenny*, 907 F.2d 874, 875 (9th Cir. 1989) ("Where a state prisoner challenges the fact or duration of his confinement, his sole federal remedy is a writ of habeas corpus.").

Moreover, a § 1983 claim is barred where a judgment in favor of a plaintiff "would necessarily imply the invalidity of his conviction or sentence." *Lockett v. Ericson*, 656 F.3d 892, 896 (9th Cir. 2011), *quoting Heck v. Humphrey*, 512 U.S. 477, 487 (1994) ("in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive

order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."). Plaintiff explicitly requests relief invalidating his conviction because it was based on unconstitutional conduct by Defendants. Plaintiff has not, however, demonstrated that his conviction has already been reversed, expunged, or otherwise called into question.  Thus, Plaintiff's claims are not cognizable and must be dismissed. *Heck*, 512 U.S. at 487 ("A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.").

Even if Plaintiff's claims were cognizable under § 1983, they would be barred by the applicable statute of limitations.  Claims brought under 42 U.S.C. § 1983 use the applicable state statute of limitations for personal injury actions. *Wallace v. Kato*, 549 U.S. 384, 387 (2007).  In California, this statute of limitations is two years. *Comm. Concerning Cmty. Improvement v. City of Modesto*, 583 F.3d 690, 701 n. 3 (9th Cir. 2009) ("Claims under § 1983 are subject to the state statute of limitations for personal injury claims. In California, that state rule is two years.").  State tolling rules also apply. *Wallace*, 549 U.S. at 394 ("We have generally referred to state law for tolling rules, just as we have for the length of statutes of limitations.").  California Code of Civil Procedure § 352.1(a) allows a statute of limitations to be tolled for up to two years when a plaintiff is "at the time the cause of action accrued, imprisoned on a criminal charge."  Thus, a prisoner typically has four years to assert a § 1983 action for a cause of action that accrues while they are imprisoned.  "A federal claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Bagley v. CMC Real Estate Corp.*, 823 F.2d 758, 760 (9th Cir. 1991).  The conduct Plaintiff complains of occurred nearly thirty years ago, in 1987.  This is far beyond the applicable statute of limitations.

Finally, the allegations in the Complaint cannot state a claim against Defendant Hart as a matter of law.  To state a claim under § 1983, a plaintiff "must allege a violation of a right secured by the Constitution and laws of the United States, and ***must show that the alleged deprivation was committed by a person acting under color of state law.***" *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added).  Plaintiff asserts that he was denied his constitutional rights by Defendant Hart, his attorney.  It is well-settled, however, that attorneys do "not act under color

4

1  of state law when performing a lawyer's traditional functions as counsel to a defendant in a
2  criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (upholding dismissal of
3  a § 1983 claim by a *pro se* prisoner against a public defender that alleged that she failed to
4  adequately represent him in criminal proceedings). Thus, none of Plaintiff's legal claims against
5  Defendant Hart are colorable on their merits and they do not state a claim for which relief can be
6  granted.

7  Dismissal of a *pro se* complaint without leave to amend is appropriate where any
8  opportunity to amend the complaint would be futile. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th
9  Cir. 2000) ("a district court should grant leave to amend even if no request to amend the pleading
10  was made, unless it determines that the pleading could not possibly be cured by the allegation of
11  other facts."). No additional facts could cure the deficiencies in the Complaint. The problem is
12  not that it is missing important facts; it is that the requested relief is simply unavailable through a
13  § 1983 lawsuit. Dismissal without leave to amend is thus appropriate.

14  **V.      RECOMMENDATION**

15  For the reasons set forth above, the Court finds that the Complaint fails to state a claim
16  under 28 U.S.C. § 1915(e)(2). Accordingly, the Court RECOMMENDS that the Complaint be
17  DISMISSED WITHOUT LEAVE TO AMEND.

18  These findings and recommendations will be submitted to the United States District Judge
19  assigned to this case pursuant to the provisions of Title 28 of the United States Code section
20  636(b)(1). Within thirty (30) days after being served with these findings and recommendations,
21  the parties may file written objections with the Court. The document should be captioned
22  "Objections to Magistrate Judge's Findings and Recommendations."
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

1  The parties are advised that failure to file objections within the specified time may waive the right
2  to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998);
3  *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **June 23, 2016**                          /s/ Erica P. Grosjean
                                                  UNITED STATES MAGISTRATE JUDGE